[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 20, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12731
Non-Argument Calendar

_____

D. C. Docket No. 07-20027-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VIBERT ANTHONY LOWES,
a.k.a. Vebert Anthony Lowes,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 20, 2008)

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Vibert Anthony Lowes appeals his 15-month sentence for one count of false use of a passport, in violation of 18 U.S.C. § 1543, and one count of impersonating a U.S. citizen, in violation of 18 U.S.C. § 911. Lowes argues that his sentence was greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a). He contends that, based on the pattern and timing of his prior convictions for shoplifting and marijuana possession, which occurred between five and ten years before the instant offense, a criminal history category of IV grossly overstated the seriousness of his criminal history and warranted a downward departure under U.S.S.G. § 4A1.3. For the reasons set forth more fully below, we affirm Lowes's sentence.

On December 18, 2006, Lowes, a citizen of Guyana, entered the United States at Miami International Airport. Lowes presented U.S. Customs and Border Patrol officials with a U.S. passport and declared that he was a U.S. citizen. It was later discovered that the passport Lowes had presented belonged to another person and had been altered from its original state to include his picture and biographical information. Lowes subsequently admitted that he was a citizen of Guyana and further admitted that the passport he presented was altered and did not belong to him. A federal grand jury subsequently indicted Lowes for one count of false use of a passport, in violation of 18 U.S.C. § 1543, and one count of impersonating a

2

U.S. citizen, in violation of 18 U.S.C. § 911. Lowes pled guilty to the charges in the indictment without the benefit of a written plea agreement. The district court ultimately sentenced Lowes to concurrent terms of 15 months' imprisonment and 2 years' supervised release as to each count.

As an initial matter, as to Lowes's argument that the facts and circumstances surrounding his previous convictions warranted a downward departure pursuant to U.S.S.G. § 4A1.3, we have held that "[a] district court's refusal to depart downward from the sentencing guideline range is not reviewable on appeal, unless the district court denied the departure because it erroneously believed that it had no authority to depart downward." United States v. Liss, 265 F.3d 1220, 1231 (11th Cir. 2001). Here, there is no indication that the district court erroneously believed that it lacked the authority to depart downward. Accordingly, we decline to address this issue.

We review the final sentence imposed by the district court for reasonableness. United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005). Unreasonableness may be procedural, when the court's procedure does not follow Booker's[1] requirements, or substantive. See Gall v. United States, 552 U.S. ___, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007); United States v. Hunt, 459 F.3d 1180,

---

[1] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

3

1182 n.3 (11th Cir. 2006). The Supreme Court has explained that a sentence may be procedurally unreasonable if the district court improperly calculates the guideline imprisonment range, treats the Guidelines as mandatory, fails to consider the appropriate statutory factors, bases the sentence on clearly erroneous facts, or fails to adequately explain its reasoning. Gall, 552 U.S. at ___, 128 S.Ct. at 597. The Court also has explained that the substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard. Id. It has suggested that review for substantive reasonableness under this standard involves inquiring whether the factors in 18 U.S.C. § 3553(a) support the sentence in question. Id. at ___, 128 S.Ct. at 600.

Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing listed in § 3553(a)(2), namely reflecting the seriousness of the offense, promoting respect for the law, providing just punishment for the offense, deterring criminal conduct, protecting the public from future criminal conduct by the defendant, and providing the defendant with needed educational or vocational training or medical care. See 18 U.S.C. § 3553(a)(2). The statute also instructs the sentencing court to consider certain factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the guideline

4

imprisonment range, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1), (4), and (6).

The Supreme Court has held that, in reviewing sentences for reasonableness under 18 U.S.C. § 3553(a), a federal appellate court may apply a presumption of reasonableness to a district court sentence imposed within the guideline range. Rita v. United States, 551 U.S. ___, ___, 127 S.Ct. 2456, 2462, 168 L.Ed.2d 203 (2007). We, however, have held that a sentence within the guidelines range is neither per se reasonable, nor entitled to a presumption of reasonableness. See Hunt, 459 F.3d at 1185. The burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

With regard to the procedural reasonableness of Lowes's sentence, the district court did not err in its sentencing procedure. The record indicates that Lowes did not dispute either the factual findings or the probation officer's calculations, as stated in the PSI. Moreover, Lowes did not explicitly move for a downward departure pursuant to U.S.S.G. § 4A1.3. Accordingly, the record reflects that the district court properly calculated the advisory guideline range as 15 to 21 months' imprisonment, based on an offense level of 10 and a criminal history

5

category of IV. The record further demonstrates that the district court expressly stated that it considered the sentencing factors set forth in § 3553(a), along with the parties' arguments, and sufficiently explained its reasons for imposing the sentence.

Lowes also has not established that his sentence is substantively unreasonable. See Gall, 552 U.S. at ___, 128 S.Ct. at 597; Hunt, 459 F.3d at 1182 n.3. Lowes's sentence of 15 months' imprisonment is at the low-end of the advisory guideline range. Moreover, the record indicates that the district court considered Lowes's criminal history and the need to promote respect for the law in determining that a Guidelines sentence was appropriate. Therefore, the district court did not abuse its discretion because the § 3553(a) factors supported the district court's sentence, which was not greater than necessary to achieve the goals of sentencing set forth in § 3553(a)(2). See Gall, 552 U.S. at ___, 128 S.Ct. at 597, 601-02.

In light of the foregoing, Lowes's sentence is

**AFFIRMED.**